## 5702. CANNINGTON v. THE STATE.

RUSSELL, C. J. The defendant was convicted of selling intoxicating liquors. No error of law is alleged to have been committed in the trial. According to the testimony for the State, the accused took 75 cents given him by one of the witnesses, and "went off and was gone fifteen or twenty minutes, and came back with a pint of whisky." The defendant gave the whisky to the witness, and thereupon left him. The whisky was obtained by the defendant at the request of the witness and upon the statement of the defendant that he did not know whether he could get the whisky or not, but thought he could get it from one John James. Upon the trial the defendant introduced testimony to the effect that John James had sold whisky in that community, and that James left town a few days after the defendant was arrested. In this state of the record, the jury were authorized to treat the defendant's statement to the effect that he had procured the whisky from James, as the agent of the buyer, as a mere subterfuge; and for this reason it can not be held that the trial judge abused his discretion in overruling the motion for a new trial. If the defendant had proved by an unimpeached witness that he did in fact buy the whisky from James, he would have carried successfully the burden of rebutting the inference that he was himself the seller, which was authorized by his receiving the money and delivering the whisky. *Bray* v. *City of Commerce*, 5 *Ga. App.* 605 (63 S. E. 596). *Judgment affirmed. Roan, J., absent.*
DECIDED JULY 21, 1914.

Accusation of sale of liquor; from city court of Nashville—Judge Christian. April 13, 1914.

*J. W. Powell, William Story,* for plaintiff in error.
*J. H. Gary, solicitor, J. Z. Jackson,* contra.